# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES-GENERAL

Case No. __CV 15-7237-ODW (PLA)__                Date __September 17, 2015__

Title: __Cornell Mitchell v. People of the State of California__

--------------------------------------------------------------------------------------------------------

PRESENT:  THE HONORABLE __PAUL L. ABRAMS__                ☐ U.S. DISTRICT JUDGE
                                                          ☒ MAGISTRATE JUDGE

| __Christianna Howard__ | __N/A__ | __N/A__ |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

ATTORNEYS PRESENT FOR PETITIONER:                ATTORNEYS PRESENT FOR RESPONDENT:
          NONE                                              NONE

PROCEEDINGS:          (IN CHAMBERS)

On September 15, 2015, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition" or "Pet.") pursuant to 28 U.S.C. § 2254, in which petitioner indicates that on January 14, 2014, he was convicted of violating California Vehicle Code section 21453(a), a "red light camera ticket," and is "not in custody." (Pet. at 1). Petitioner notes that he was ordered to pay a fine of $490.00.

Based on the documents attached to the Petition, it appears that on July 14, 2015, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, alleging that the trial court violated his due process rights, and that Vehicle Code section 21453(a) is a "public offense and not an infraction as ruled by the trial court." (Pet. at 2). On July 28, 2015, the court of appeal summarily denied the petition. (Id.; Pet. Attach.). Petitioner then filed a petition for writ of habeas corpus in the California Supreme Court in which he alleged that the trial judge violated his constitutional rights by not allowing him to cross-examine the individual "having certified evidence confirming the machine's speed reading capability," and that the trial judge violated his due process rights to a jury trial and a State-appointed attorney. (Pet. at 3-4). On September 9, 2015, the state supreme court denied the habeas petition with a citation to In re Dixon, 41 Cal. 2d 756, 759 (1953), standing for the proposition that habeas corpus cannot serve as a substitute for an appeal and, "in the absence of special circumstances constituting an excuse for failure to employ that remedy, the writ will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction." (Pet. Attach.).

There are at least two problems with the Petition. (See also infra note 1).

First, 28 U.S.C. § 2254, the statute under which petitioner brought his Petition, empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the laws of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). As noted, petitioner has admitted that he is not "in custody." Instead, he appears to be complaining about a fine imposed as a result of a traffic violation. The imposition of a fine does not satisfy the "custody" requirement. See Bailey v. Hill, 599 F.3d 976, 979 (9th Cir. 2010) (noting that "the imposition of a fine, by itself, is not sufficient to meet § 2254's jurisdictional

--------------------------------------------------------------------------------------------------------

requirements") (citations omitted); <u>Dremann v. Francis</u>, 828 F.2d 6, 7 (9th Cir. 1987) (per curiam) (concluding that a lawyer's non-compliance with a "fine only" sentence that raised the threat of "possible imminent incarceration" was insufficient to confer habeas jurisdiction). Therefore, it appears that the Court is without jurisdiction to entertain the petition.

Second, petitioner does not state any grounds for relief in the Petition. (<u>See</u> Pet. at 5-7). Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule 2") requires that a petitioner specify all the grounds for habeas relief as well as the facts supporting each ground. Habeas Rule 2(c). A petitioner is required to set forth a "detailed statement" explaining his habeas claims. <u>See</u> <u>Mayle v. Felix</u>, 545 U.S. 644, 649, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005) ("[Habeas] Rule 2(c) . . . requires a . . . detailed statement. The habeas rule instructs the petitioner to 'specify all the grounds for relief available to [him]' and to 'state the facts supporting each ground.'"). In its present format, the Petition does not provide either a clear legal basis for habeas relief or specific supporting facts for any alleged claim. For these reasons, the Court concludes that the Petition does not contain any claim that meets the standard set forth in Habeas Rule 2(c) requiring a statement of specific grounds and facts.

Based on the foregoing, **on or before October 1, 2015**, the Court orders petitioner to show cause why this action should not be summarily dismissed (1) as improperly brought under § 2254, and/or (2) for failure to state a claim. To avoid dismissal, on or before **October 1, 2015**, petitioner must file a response to this Order detailing why he believes the action should go forward under § 2254, by first demonstrating that he currently is "in state custody." If petitioner agrees that the action is improperly brought under § 2254, and that he is not currently in state custody for purposes of a habeas petition under § 2254, he may request a **voluntary dismissal of this action without prejudice** by **completing the attached Notice of Dismissal form and selecting the option dismissing this action in its entirety. He must also sign the form**. If petitioner believes he has demonstrated that he is in state custody, he still must also demonstrate that he has a claim (or claims) upon which habeas relief may be granted by indicating (1) the specific grounds for relief and supporting facts on which he seeks habeas relief; and (2) clearly indicating whether he has exhausted his claims in the state courts, as well as any reason for delay in bringing his claims.[1]

---

[1]    Petitioner also must indicate if he has exhausted any claims he intends to raise in the Petition. As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. <u>Rose v. Lundy</u>, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). Additionally, a habeas petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations, as set forth under 28 U.S.C. § 2244(d). <u>See</u> <u>Calderon v. U.S. Dist. Ct. (Beeler)</u>, 128 F.3d 1283, 1286 (9th Cir. 1997), <u>overruled on other grounds by</u> <u>Calderon v. U.S. Dist. Ct. (Kelly)</u>, 163 F.3d 530, 540 (9th Cir. 1998) (en banc). Petitioner was convicted of a Vehicle Code violation on January 14, 2014, and did not file an appeal or habeas petition in the state courts until July 14, 2015. (Pet. at 2). On its face, therefore, it appears that the September 15, 2015, Petition -- even if the Court had jurisdiction and even if the Petition had included grounds for relief -- is barred by the statute of limitations.

**Petitioner is advised that his failure to file a response to this Order on or before October 1, 2015, as set forth herein, will result in dismissal of this action with prejudice for lack of jurisdiction, for failure to state a claim, and/or for failure to prosecute and follow court orders**.  The clerk is directed to send petitioner a copy of the Notice of Dismissal form, along with this Order.

cc:      Cornell Mitchell, pro se

Initials of Deputy Clerk _____ch_____