UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CORNELL MITCHELL,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　Respondent. | No. CV 15-7237-ODW (PLA)<br><br>**ORDER DISMISSING ACTION FOR LACK OF JURISDICTION, FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH COURT ORDERS** |

**I.**

**BACKGROUND**

On September 15, 2015, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition" or "Pet.") pursuant to 28 U.S.C. § 2254, in which petitioner indicated that on January 14, 2014, he was convicted of violating California Vehicle Code section 21453(a), a "red light camera ticket," and that he is "not in custody." (Pet. at 1). Petitioner also noted that he was ordered to pay a fine of $490.00.

Based on the documents attached to the Petition, it appears that on July 14, 2015, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, alleging that the trial court violated his due process rights, and that California Vehicle Code section 21453(a) is a "public offense and not an infraction as ruled by the trial court." (Pet. at 2). On July 28, 2015, the court of appeal

summarily denied the petition. (Id.; Pet. Attach.). Petitioner then filed a petition for writ of habeas corpus in the California Supreme Court in which he alleged that the trial judge violated his constitutional rights by not allowing him to cross-examine the individual "having certified evidence confirming the machine's speed reading capability," and that the trial judge violated his due process rights to a jury trial and a State-appointed attorney. (Pet. at 3-4). On September 9, 2015, the state supreme court denied the habeas petition with a citation to In re Dixon, 41 Cal. 2d 756, 759 (1953), standing for the proposition that habeas corpus cannot serve as a substitute for an appeal and, "in the absence of special circumstances constituting an excuse for failure to employ that remedy, the writ will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction." (Pet. Attach.).

On September 17, 2015, after reviewing the Petition, the Magistrate Judge ordered petitioner to show cause on or before October 1, 2015, why the Petition should not be summarily dismissed (1) as improperly brought under 28 U.S.C. § 2254 because petitioner did not appear to be "in custody" pursuant to the judgment of a state court, and (2) for failure to state a claim because petitioner failed to specify any grounds for relief in the Petition. (Dkt. No. 4). The Magistrate Judge further advised petitioner that failure to timely file a response to the September 17, 2015, Order to Show Cause "**will result in dismissal of this action with prejudice for lack of jurisdiction, for failure to state a claim, and/or for failure to prosecute and follow court orders**." (Dkt. No. 4 at 3).

As of the date of this Order, petitioner has not filed a response to the September 17, 2015, Order to Show Cause, and the time to do so has expired.

**II.**

**DISCUSSION**

**A. LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM**

Pursuant to 28 U.S.C. § 2254, the statute under which petitioner brought his Petition, the Court is empowered to "entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation

of the laws of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). As noted, petitioner has admitted that he is not "in custody." (Pet. at 1). Instead, he appears to be complaining about a fine imposed as a result of a traffic violation. The imposition of a fine does not satisfy the "custody" requirement. See Bailey v. Hill, 599 F.3d 976, 979 (9th Cir. 2010) (noting that "the imposition of a fine, by itself, is not sufficient to meet § 2254's jurisdictional requirements") (citations omitted); Dremann v. Francis, 828 F.2d 6, 7 (9th Cir. 1987) (per curiam) (concluding that a lawyer's non-compliance with a "fine only" sentence that raised the threat of "possible imminent incarceration" was insufficient to confer habeas jurisdiction). Therefore, the Court is without jurisdiction to entertain the Petition.

Petitioner also fails to state any grounds for relief in the Petition. (See Pet. at 5-7). Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule 2") requires that a petitioner specify all the grounds for habeas relief as well as the facts supporting each ground. Habeas Rule 2(c). A petitioner is required to set forth a "detailed statement" explaining his habeas claims. See Mayle v. Felix, 545 U.S. 644, 649, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005) ("[Habeas] Rule 2(c) . . . requires a . . . detailed statement. The habeas rule instructs the petitioner to 'specify all the grounds for relief available to [him]' and to 'state the facts supporting each ground.'"). In its present format, the Petition does not provide either a clear legal basis for habeas relief or specific supporting facts for any alleged claim. For these reasons, the Court concludes that the Petition does not contain any claim that meets the standard set forth in Habeas Rule 2(c) requiring a statement of specific grounds and facts.

Taking all of the above factors into account, dismissal for lack of jurisdiction and for failure to state a claim is appropriate.

**B.    FAILURE TO PROSECUTE AND TO FOLLOW COURT ORDERS**

It is well established that a district court has authority to dismiss a petitioner's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the

disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss this action due to petitioner's failure to prosecute or to comply with court orders, the Court must consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (citation and internal quotation marks omitted); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal. Petitioner's failure to respond to the Magistrate Judge's September 17, 2015, Order to Show Cause hinders the Court's ability to move this case toward disposition and indicates that petitioner does not intend to litigate this action diligently.

The third factor -- prejudice to respondents -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. Eisen, 31 F.3d at 1452-53. Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal. However, the Magistrate Judge has screened the allegations in petitioner's Petition and informed petitioner that the Court appears to lack jurisdiction to entertain the Petition because petitioner is not in state custody, and because petitioner failed to state any grounds for relief in the Petition and, therefore, the Petition "does not provide either a clear legal basis for habeas relief or specific supporting facts for any alleged claim." (Dkt. No. 4. at 2). Moreover, it is petitioner's responsibility to move his case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). By failing to respond to the September 17, 2015, Order to Show Cause as ordered by the Magistrate Judge,

1  petitioner has not discharged this responsibility.  In these circumstances, the public policy favoring
2  resolution of disputes on the merits does not outweigh petitioner's failure to comply with court orders.
3        The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal.  The
4  Magistrate Judge first attempted to avoid dismissal when he issued the September 17, 2015, Order
5  to Show Cause, giving petitioner an opportunity to show why this action should not be dismissed for
6  lack of jurisdiction and/or for failure to state a claim.  Nonetheless, as of the date of this Order,
7  petitioner has failed to respond as required by the September 17, 2015, Order to Show Cause.
8        Taking all of the above factors into account, dismissal for failure to prosecute and to follow
9  court orders also is appropriate.  Such a dismissal, however, should not be entered unless petitioner
10 has been notified that dismissal is imminent.  See W. Coast Theater Corp. v. City of Portland, 897
11 F.2d 1519, 1523 (9th Cir. 1990).  In this case, petitioner was cautioned about the possibility of
12 dismissal in the Magistrate Judge's September 17, 2015, Order to Show Cause.

### III.

### ORDER

IT IS THEREFORE ORDERED that this action is **dismissed with prejudice** for lack of jurisdiction, for failure to state a claim, for failure to prosecute, and for failure to follow court orders.

October 27, 2015

DATED: _____          _____
                                         HONORABLE OTIS D. WRIGHT II
                                         UNITED STATES DISTRICT JUDGE

5